## McCARLEY v. WELCH.
### No. 13375.

Court of Civil Appeals of Texas. Dallas.
March 12, 1943.

Rehearing Denied April 9, 1943.

Robert L. Hurt and Francis M. Chaney, both of Dallas, for appellant.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellee.

LOONEY, Justice.

Frank M. Welch, appellee, conducting an optical business at 1927 Main Street in the City of Dallas, under the trade name of "Main Optical Co.," brought this action against A. A. McCarley, the appellant, engaged in the optical, also the jewelry business at 1917 Main Street, same block, seeking damages and both temporary and permanent injunctive relief, based upon alleged unfair competition, in that, appellant maintained in front of his place of business a sign containing the word "Main," calculated to deceive and entrap appellee's customers. Appellant, answering, joined issue, and on the hearing for temporary injunctive relief, the court ordered appellant to "remove by painting over or otherwise obliterating the word 'Main' as it now appears on the defendant's (appellant's) sign in front of his place of business at 1917 Main Street, Dallas, Texas; and forbidding and commanding the defendant (appellant) to refrain from replacing said word 'Main' on said sign when so removed or obliterated during the further pendency of this suit or until otherwise ordered by the court"; but permitting appellant to replace a glass sign bearing the words and figures "1917 Main St." in its exact dimensions, words and figures at the same elevation as formerly maintained. From the order just mentioned, appellant duly perfected an appeal.

The material facts are these: Prior to the institution of the suit, appellant conducted a jewelry and optical business at 1917 Main Street and maintained in front of his place a sign of large legible letters, reading "A. A. McCarley, Jewelers"; below, and attached, was a pair of imitation eyeglasses, painted with eyes looking through the lenses, and around the circles representing the lenses and eyes, the words

"A. A. McCarley, Optometrist," and beneath was suspended a frame containing glass, upon which was painted the word and numerals "Main 1917." This sign had been displayed by appellant for over four years before the institution of the present suit; and about six weeks prior thereto, appellee established his present place of business at 1927 Main Street, about five doors east of appellant's place on the same side, and displayed in front of his place a large sign, also of large legible letters, reading "Main Optical Co.," the words arranged in circular form, beneath which was suspended a large imitation circular clock showing the face, hands and usual lettering. Shortly after appellee located at 1927 Main, appellant had his sign repainted; the wording was not changed, but the small frame containing the word and numerals "Main 1917" was removed and in lieu, a metal fashioned to represent a nose on which the eyeglasses rested was added to the sign, on the lower tip of which the word and numerals "Main 1917," as formerly displayed on the glass sign were painted, the difference being that the letters on the reformed sign were longer, but arranged closer than those on the glass sign and elevated somewhat, but if there existed any difference in the size of the numerals "1917," it was negligible.

Appellee's contention was and is that the use of the word "Main" by appellant, and its position on his sign as now maintained, is deceptive, confusing to the public, calculated to entrap appellee's customers, and constitutes unfair competition, etc.

■ One of the contentions of appellant is that the order appealed from was erroneous, in that it disturbed the status quo and granted appellee all the relief that could be obtained by a final decree, and practically disposed of the whole case. We think this contention is correct and would require a reversal (City of Farmersville v. Texas-Louisiana Power Co., Tex. Civ.App., 33 S.W.2d 271, 272); but as the facts have been fully developed, we will discuss the merits of the case and predicate our decision on the conclusion reached.

■ The applicable and controlling doctrine, in our opinion, is stated in 41 Tex.Jur., Sec. 8, pp. 388-389, as follows: "Unfair competition has been defined as the use or simulation by one person of the name, symbols or devices of a business rival in such a manner as is calculated to deceive and cause the public to trade with the first when they intended to and would otherwise have traded with the second. The doctrine rests on the broad equitable principle that no person may sell or advertise his own business or goods as those of another. * * * To make out a case of unfair competition it is neither necessary to prove that such was intended nor that anyone was actually deceived into purchasing a dealer's goods in the belief that they were those of another; it is sufficient that such deception would naturally and probably result from the acts charged. But either actual or probable deception must be shown, a mere possibility of deception not being enough."

The respective signs of the parties have heretofore been described. Appellant had displayed the same sign for several years before appellee established his business at 1927 Main. Afterwards, the only change appellant made in his sign was to have it repainted and the word and numerals "Main 1917" painted in longer letters, closer together, on metal rather than on glass, and elevated somewhat. No symbol or device was added to the repainted sign and no change was made by the appellant that, in our opinion, was calculated to deceive or cause any member of the public to trade with him who intended to and otherwise would have traded with the appellee. The signs are wholly dissimilar; appellee used the word "Main" as a part of his trade name, whereas, appellant used "Main 1917" to designate his street location.

■ Seemingly, appellee contends that because he filed a certificate in the office of the county clerk, setting forth his trade name in compliance with Art. 5924, R.C.S., he preempted the right to use the word "Main" on his sign. We do not think so. The statute in question was not designed to confer rights, but rather to impose obligations. As shown by language in the emergency clause, the Act was intended to give stability to credit by requiring those operating under assumed names to disclose their identity. See Session Acts, 37th Leg., Ch. 73, pp. 142, 143.

■ Being of opinion that appellee's suit is without merit, the order appealed from is dissolved and the application for temporary injunctive relief is dismissed.

Reversed and rendered.