**AUSTIN et al. v. LOCKETT et al.**

**No. 13928.**

Court of Civil Appeals of Texas. Dallas.

May 7, 1948.

———◆———

Benjamin M. Harrison, of Beaumont, for appellants.

Thompson, Meek & Goldberg, of Dallas, for appellees.

LOONEY, Justice.

This appeal is from an order granting a temporary writ of injunction to restrain the continuance of alleged unfair competition. Appellees Hudson C. Lockett and Casey Jones, a partnership conducting business at 1617 Main Street, City of Dallas, under the registered trade name of "Bell Clothing Company of Dallas," brought this suit against Robert A. Austin and Jack Kirby (Austin, owner, and Kirby, manager), also conducting a business at 910 Main Street, City of Dallas, under the registered trade name of "Bell Tailoring Company," seeking injunctive relief both temporary and permanent, because of alleged unfair competition on the part of appellants resulting from the use of the word "Bell," common to both registered trade names.

Appellees · deal in men's ready-to-wear clothing, suits, pants, overcoats and men's furnishings. Appellants are engaged exclusively in the tailoring business, except sell custom-made overcoats..

The record discloses that appellees have conducted said business under the same trade name, at the same place, since 1939, from 1939 to 1941 as a corporation which was dissolved in 1941, and since have conducted said business as a partnership. The record also discloses that appellant Austin owns and operates five tailoring establishments, including the one located in Dallas, under the same trade name. The first was opened at Houston in 1939; since, others were opened at Beaumont, Waco, Fort Worth, and the one at Dallas in the early part of 1947.

Appellees' complaint in substance is this: That the use of the word "Bell" in the trade name under which appellants conducted their business, also the use of the word "Bell" as a symbol of their merchandise, created confusion and was calculated to deceive and cause the public to believe that appellants' place of business was that of appellees.

Application for the temporary writ was heard by the trial court on December 30, and at the conclusion of evidence the court sustained appellees' contention and granted all the relief to which the appellees would

be entitled on a final hearing; in effect, disturbed the status quo and practically disposed of the entire case. This, in our opinion, was error. Although the evidence showed that some confusion had occurred, that is, it was shown that in two instances nonresidents made remittances to appellants that were intended for the appellees; that a number of express packages intended for the appellants were delivered at appellees' place of business; that appellees received telephone calls and inquiries from persons who had ordered suits from the appellants; yet all this, in our opinion, was negligible and not shown to have caused appellees any financial loss or injury. Mr. Casey Jones, a member of appellees' firm, testified on cross-examination as follows:

"Q. Have you had a good year this year in business (1947)? A. I am sure we have.

"Q. Profitable year? A. Yes, sir.

"Q. How does it compare with last year? A. I couldn't tell you. We haven't figured it up.

"Q. Has the confusion by every one that you spoke of caused you any financial loss at all? A. I don't know." After objection and ruling of the court the question was repeated as follows:

"Q. Has the confusion you have spoken of in your mind caused any financial loss to your business this year? A. I couldn't answer that." (S.F. p. 23).

Appellant Austin testified that the trade name employed by him, "Bell Tailoring Company," was the same used by a firm now dissolved and out of business, for whom he had previously worked, and is used in connection with all the stores, all the places that he operates. This evidence, in our opinion, precludes the idea that there was any fraudulent or sinister design in using the same trade name in connection with the Dallas branch.

In the case of McCarley v. Welch, Tex. Civ.App., 170 S.W.2d 330, 332, a similar question was presented and in disposing of same we used language and cited authorities applicable to this case. We said: "One of the contentions of appellant is that the order appealed from was erroneous, in that it disturbed the status quo and grant-

ed appellee all the relief that could be obtained by a final decree, and practically disposed of the whole case. We think this contention is correct and would require a reversal (City of Farmersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S. W.2d 271, 272); * * *."

In view of the evidence and the doctrine announced in the authority quoted, we are of opinion that the court erred in granting the temporary writ of injunction. As this cause will be reversed and remanded to the trial court for further proceedings, we refrain from further comments on the facts to avoid probable prejudice to either side.

The temporary writ heretofore granted is dissolved, the application therefor dismissed, and the cause remanded to the trial court for further proceedings; all costs of appeal to be taxed against the appellees.

Reversed and remanded.