

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 5, 1959

Dr. Ira E. Woods, President
State Board of Examiners in Optometry
Bolm Building
Austin, Texas

Opinion No. WW-722

Re: Validity of rules
proposed to be adopted
by the State Board of
Examiners in Optometry

Dear Dr. Woods:

You have requested our opinion on the validity of rules proposed to be adopted by the Texas State Board of Examiners in Optometry. These rules provide as follows:

"In order to protect the public in the practice of optometry, better enable members of the public to fix professional responsibility, and further safeguard the doctor-patient relationship, the following rule is hereby adopted by the Texas State Board of Examiners in Optometry on the _____ day of _____, 1959, to become effective on the _____ day of _____, 1959.

"Section 1. No optometrist shall:

a. Divide, share, split, or allocate, either directly or indirectly, any fee for optometric services or materials with any lay person, firm or corporation, provided that this rule shall not be interpreted to prevent an optometrist from paying an employee in the regular course of employment, and provided further that it shall not be construed as a violation of this rule for any optometrist to lease space from an establishment on a percentage of gross receipts basis or to sell, transfer or assign accounts receivable.

b. Divide, share, split or allocate either directly or indirectly, any fee for optometric services or materials with another optometrist or with a physician except upon a division of service or responsibility and then only after the patient paying the fee has full knowledge thereof, provided that this rule shall not be interpreted to prevent partnerships for the practice of optometry.

c. Practice or continue, after the elapsing of a reasonable time not to exceed one (1) year after the effective date of this rule, to practice optometry under, or use in connection with his practice oi optometry, any assumed name, corporate name, trade name, or any name other than the name under which he is licensed to practice optometry in Texas; provided, however, that optometrists practicing as partners may practice under the full or last names of the partners. Optometrists who are employed by other optometrists shall practice in their own names, but may practice in an office listed under the name of the individual optometrist or partnership of optometrists by whom they are employed. In event of the death or retirement of a partner, the surviving partner or partners practicing optometry in a partnership name may, with the written permission of the retiring partner or the deceased optometrist's widow or other legal representative, as the case may be, continue to practice with the name of the deceased partner in the partnership name for a period not to exceed one (1) year from the date of his death, or during the period of administration of a deceased partner's estate as provided by Article 4563, as amended, Revised Civil Statutes of Texas, whichever period shall be the longer.

d. Use, cause or allow to be used after the elapsing of a reasonable time not to exceed one (1) year after the effective date of this rule, his name or professional identification, as authorized by Article 4590e, as amended, Revised Civil Statutes of Texas, on or about the door, window, wall, directory, or any sign or listing whatsoever, of anyoffice, location or place where optometry is practiced, unless said optometrist is actually present and practicing optometry therein during the hours such office, location or place of practice is open to the public for the practice of optometry.

e. Practice or continue, after the elapsing of a reasonable time not to exceed one (1) year after the effective date of this rule, to practice optometry in any office, location or place of practice where any name, names or professional identification on or about the door, window, wall, directory, or any sign or listing whatsoever, or in any manner used in connection therewith, shall indicate or tend to indicate that such office, location or place of practice is owned, operated, supervised, staffed, directed or attended by any person not actually present and practicing optometry therein during the hours such office, location or place of practice is open to the public for the practice of optometry.

f. The requirement of subparagraphs d and e above that an optometrist be 'actually present' in an office, location or place of practice holding his name out to the public shall be deemed satisfied if the optometrist is, as to such office, location or place of practice, either:

(1) physically present therein more than half the total number of hours such office, location, or place of practice is open to the public for the practice of optometry during each calendar month for at least nine months in each calendar year; or

(2) physically present in such office, location, or place of practice for at least one-half of the time such person conducts, directs, or supervises any practice of optometry.

Provided that this rule shall not be interpreted as requiring the physical presence of a person who is ill, injured, or otherwise incapacitated temporarily.

The requirement of subparagraphs d and e above that an optometrist be 'practicing optometry' at an office, location, or place of practice holding his name out to the public shall be deemed satisfied if the optometrist regularly makes personal examination at such office, location, or place of practice of the eyes of some of the persons prescribed for therein or regularly supervises or directs in person at such office, location or place of practice such examinations.

"Section 2. The willful or repeated failure or refusal of an optometrist to comply with any of the provisions of Section 1 above shall be considered by the Texas State Board of Examiners in Optometry to constitute prima facie evidence that such optometrist is guilty of violation of Chapter 10, Title 71, as amended, of the Revised Civil Statutes of Texas, and shall be sufficient ground for the filing of charges to cancel, revoke or suspend his license. The charges shall state the specific instance or instances in which it is alleged that the rule was not complied with.

Alternatively, or in addition to the above, it shall be the duty of the Board to institute and prosecute an action in a court of competent jurisdiction to restrain or enjoin the violation of any of the preceding rules.

"Section 3.  If any section, subsection, paragraph, subparagraph, sentence, clause or part of the above provisions shall, for any reason, be held invalid, such decision shall not affect the remaining portions of the above provisions, and it is hereby declared to be the intention of the Texas State Board of Examiners in Optometry to have promulgated and adopted each section, subsection, paragraph, subparagraph, sentence, clause, or part of the above provisions irrespective of the fact that any other section, subsection, paragraph, subparagraph, sentence, clause, or part of the above provisions may be declared invalid, that is, it is the intention of the said Board that each of the above provisions and portions thereof are severable.

"Section 4.  All rules, regulations, and administrative interpretations heretofore adopted by the Board are hereby repealed and rescinded insofar as such rules or interpretations, or any of them, or any provision thereof, is, or are inconsistent herewith."

It is our opinion that the proposed rules are valid under the principles of law announced in Kee v. Baber, Tex. ___, 303 S.W.2d 376 (1957), and the authorities cited therein.

A study of the proposed rules submitted to this office reveals that their purpose is to prevent the "corporate practice of optometry" and to prevent the practice of optometry "under an assumed name, corporate name or trade name."  It is now settled that a corporation, business enterprise, or unlicensed individual cannot practice optometry through licensed employees.  Kee v. Baber, supra.  Likewise, we are unable to find any provision which authorizes the practice of optometry under any assumed name or trade name.  The assumed name statute "was not designed to confer rights, but rather to impose

obligations." McCarley v. Welch, 170 S.W.2d 332, (Tex.Civ. App. 1943). The practice of optometry is not a trade or merchandising business, but rather a profession to be regulated as such. If the public is actually dealing with a separate entity, the arrangement is prohibited under the corporate practice rule doctrine. The use of an assumed name or trade name hides the identity of the optometrist with whom the patient is actually dealing, and to this extent, destroys the optometrist-patient relationship. The optometrist has misrepresented to the public the true facts by the adoption of a name other than the name under which he is licensed. Such misrepresentation is prohibited by the provisions of Article 4563, Revised Civil Statutes of Texas, 1925, as amended. Furthermore, Article 4590e, Vernon's Civil Statutes, specifically provides the method of identification of individuals licensed to practice optometry in this State, and such identification does not include the use of any assumed name, corporate name, trade name, or any name other than the name under which an optometrist is licensed to practice optometry in Texas.

The proposed rules do not prevent licensed optometrists from being employed by other licensed optometrist, nor do the rules prevent the forming of partnerships of optometrists.

In view of the foregoing, it is our opinion that the proposed rules are not inconsistent with the statutory provisions regulating the practice of optometry and are, therefore, valid, Kee v. Baber, supra.

### SUMMARY

The proposed rules of the Optometry Board seeking to prevent the "corporate practice of optometry" and the practice of optometry under an assumed name, corporate name, trade name, or any name other than the name under which an optometrist is licensed to practice optometry are valid since such rules and regulations are not inconsistent with the statutory provisions regulating the practice of optometry.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

John Reeves
Assistant

JR:mfh