

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 4, 1977

The Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 970

Re: Filing of assumed
name certificates of
limited partnerships.

Dear Mr. Resweber:

You have asked four questions about the duties of the county clerk with regard to filing assumed name certificates of limited partnerships. The assumed name statute, enacted in 1921 and now codified at articles 5924 through 5927, V.T.C.S., reads in pertinent part:

> No person or persons shall carry on or conduct or transact business in this State under any assumed name or under any designation, name, style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business unless such person or persons shall file in the office of the county clerk of the county or counties in which such person or persons conduct, or transact or intend to conduct or transact such business, a certificate setting forth the name under which such business is or is to be conducted or transacted, and the true or real full name or names of the person or persons conducting or transacting the same, with the post-office address or the addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person or persons so conducting or intending to conduct said business in the manner now provided for acknowledgment of conveyance of real estate.

V.T.C.S. art 5924.1. The purpose of article 5924.1 is to let the public know who is operating a business under an assumed name. Cooper Cotton Co. v. First State Bank of O'Donnell, 37 S.W.2d 805 (Tex. Civ. App. -- Amarillo 1931, no writ). Article 5924.1 applies to partnerships. Eastex Poultry Co. v. Benefield, 268 S.W.2d 270 (Tex. Civ. App. -- Beaumont 1954, no writ). You suggest that it does not apply to limited partnerships because they must reveal the names of all partners in the certificate of limited partnership filed with the Secretary of State. V.T.C.S. art. 6132a, § 3. However, we believe that limited partnerships operating under an assumed name must make the filing required by article 5924.1 The Legislature expressly excepted corporations from the assumed name statute, indicating that persons operating as other business entities must comply. V.T.C.S. art 5927a. In addition, the assumed name statute requires a filing with the clerk of every county where business is transacted, thus providing notice more accessible to persons dealing with the firm than does the certificate filed with the Secretary of State. Since the assumed name law does apply to limited partnerships, we will address your questions relating to the persons who must sign the certificate.

Your first three questions are as follows:

1) Is the County Clerk required by law to file for record an assumed name certificate stating the name of a limited partnership as the assumed name, which certificate has been executed and acknowledged by a general partner of such limited partnership?

2) Is the County Clerk required to file such assumed name certificate when it is executed and acknowledged by all the general partners?

3) Is the County Clerk required to file such assumed name certificate when it is executed and acknowledged by all of the partners, both general and limited?

Article 5924.1 applies to all persons who transact business under any name "other than the real name or names of the individual or individuals conducting or transacting such business."  The certificate must be executed and acknowledged by the "person or persons so conducting or intending to conduct said business."  The business of a limited partnership is conducted by general partners, limited partners taking no part in the management.  V.T.C.S. art. 6132a, §§ 8, 10, 11; Delaney v. Fidelity Lease Ltd., 517 S.W.2d 420 (Tex. Civ. App. -- El Paso 1974), aff'd in part, rev'd in part on other grounds, 526 S.W.2d 543 (Tex. 1975).  Thus, where a limited partnership operates under a name other than the names of its general partners, the general partners must file the assumed name certificate.

Although some provisions of the assumed name statute refer to owners, we believe they refer only to those owners who exercise some control over the business.  Compare V.T.C.S. art. 5924.1 with arts. 5925 and 5927b.  See Holt v. Giles, 240 S.W.2d 991, 993-94 (Tex. 1951) and Realty Trust Co. v. Craddock, 112 S.W.2d 440, 443 (Tex. 1938).  These provisions do not bring limited partners within the terms of article 5924.1.  The case law consistently treats the statute as applicable to persons "operating" under assumed names.  See McCarley v. Welch, 170 S.W.2d 330 (Tex. Civ. App. -- Dallas 1943, no writ) and Cooper Cotton Co. v. First State Bank of O'Donnell, supra.  In Attorney General Opinion H-426 (1974) we decided that the county clerk could record an assumed name certificate executed by the nominee of an unincorporated business trust who would conduct the businss, even though it was not executed by the trustees who owned the business.  A distinction between owners and owner-operators of the business applies more forcibly to the limited partnership.  As inactive investors who may neither transact partnership business nor include their names in the firm name, limited partners do not have to file assumed name certificates under article 5924.1.

A limited partnership operating under the names of all general partners need not file anything under article 5924.1.  If it operates under a name other than the names of the general partners, all the general partners must file

under article 5924.1. Therefore, we answer your first question in the negative and your second in the affirmative. With respect to your third question, we do not believe that the presence of these additional signatures invalidates a certificate that contains all information required by article 5924.1. See Attorney General Opinions H-426 (1974) and H-146 (1973). The clerk must file an assumed name certificate signed by all partners, general and limited. See V.T.C.S. art. 6591.

Your last question is as follows:

> If the County Clerk is required by law to file the above described instrument, should the County Clerk's index show the name of the general partners as the owners of the business or should the index show the names and addresses of all the partners, general and limited, as the owners of the business?

Article 5926 states that the "county clerk shall keep an alphabetical index of all persons filing certificates provided for herein." Since only the general partners are required to file "certificates provided for herein" the clerk's index need only show the names of general partners as owners of the business. See Attorney General Opinion O-1630 (1939).

### S U M M A R Y

> The general partners of a limited partnership operating under an assumed name must execute, acknowledge, and file the assumed name certificate required by V.T.C.S. art. 5924.1. The county clerk's index should show the names of the general partners as owners of the business.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml