### ROSENFIELD v. SEIFERT et al.
### (No. 8727.)

(Court of Civil Appeals of Texas. Galveston. Feb. 12, 1925. Rehearing Denied March 12, 1925.)

1. Injunction ⬥136(2)—Denial of temporary injunction pending suit to enjoin violation of contract not to compete held unwarranted.

In suit by purchaser of business and good will to enjoin seller's violation of contract not to manufacture and sell machines in certain territory, denial of temporary injunction pending suit held unwarranted.

2. Injunction ⬥146—Sworn petition for temporary injunction not destroyed by general denial.

Sworn specific allegation in action to enjoin violation of contract is not destroyed by general denial in answer as affects plaintiff's right to temporary injunction.

3. Injunction ⬥136(1)—Temporary injunction granted on showing of probable right and danger.

All that is required to warrant granting of temporary injunction is case of probable right and danger to that right unless injunction is granted.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit for injunction and for damages by M. H. Rosenfield against J. W. Seifert and others. From order denying temporary injunction, plaintiff appeals. Reversed and remanded.

Mathis, Heidingsfelder, Teague & Kahn and Samuel Schwartz, all of Houston, for appellant.

Homer Stephenson, of Houston, for appellees.

PLEASANTS, C. J. Appellant brought this suit against appellees for an injunction and for damages.

The petition alleges in substance that on February 28, 1922, the plaintiff and E. E. Holtkamp, who was then associated in business with plaintiff, purchased from defendants J. W. Seifert and M. W. Seifert a manufacturing business then owned and being conducted by said defendants in the city of Houston in Harris county, under the tradename of the Eagle Manufacturing Company; that the nature of the business was the manufacture and sale of a machine known as a dry tumbler, which was to be used in the dry cleaning or laundry business; that by the contract of purchase of said business the plaintiff and E. E. Holtkamp, as copartners, purchased from the defendants all of the stock, tools, machinery, patterns, letters patent, and improvements belonging to the business, together with the good will of vendors; that, as consideration for the sale of the business, plaintiff and his partner Holtkamp agreed to pay the sum of $1,000 and a commission of 5 per cent. upon the gross sales of products of said manufacturing business during the five years next after the date of the contract of sale, except the first eight tumblers manufactured and sold by the vendees; that said contract further expressly provided that the vendees should have the exclusive right for a period of five years from the date of the contract to manufacture and sell said "dry tumbler" in a defined

territory, fully described in the contract, but defendants reserved the right to manufacture and sell said tumbler in any territory other than that in which plaintiff and his copartner were given the exclusive rights before stated; the territory in which the vendees were given this exclusive right includes the states of Texas, Louisiana, Alabama, North Carolina, South Carolina, Virginia, Kentucky, New Mexico, Arizona, Georgia, Mississippi, Florida, Arkansas, Tennessee, and that part of the state of California south of the town of Bakersfield in said state, Oklahoma, and the republic of Mexico; that by the terms of said contract, it was further mutually agreed 'that neither of the parties to said contract would ship into or manufacture, sell or cause to be shipped into, manufactured or sold any tumbler in the states or territory reserved to the other party to such agreement.

Other allegations of the petition which we deem pertinent to questions presented by this appeal are as follows:

"Plaintiff further avers: That he and his associate, E. E. Holtkamp, performed, each and every, the obligations, agreements and covenants imposed upon them by the terms, stipulations, conditions, and provisions of the aforesaid contract. That they have long since fully paid off and discharged the consideration and indebtedness due and to become due the defendants, as in said contract specified, and that neither they, nor either of them, have in any wise breached said contract or waived any of the conditions, agreements, obligations, and covenants on the part of said defendants therein specified to be performed, but said defendant, in total disregard of their said contract and agreement, and the obligations and covenants therein contained, as hereinabove alleged, have willfully and wrongfully failed and refused to recognize the rights of plaintiff and each and all of the particulars hereinabove alleged with respect to the stipulations, covenants, and agreements on the part of said defendants to be kept and performed. That the defendants have violated and breached their contract and agreement not to ship into or manufacture, sell, or cause to be shipped into, manufactured or sold, any tumbler in the states or territory reserved to plaintiff, contrary to their duty and obligation in the premises; that the said defendants have further breached their said contract, agreement, and promise with respect to the furnishing of any letters patent or improvements made or caused to be made or obtained on said tumbler, as they were in duty bound to do. That recently the defendants have opened and begun and now own and are conducting and operating such factory in the city of Houston, Harris county, Tex., under the trade name of 'Falcon Manufacturing Company,' in open competition with plaintiff and in direct and flagrant violation of the aforesaid contract and agreement and the rights to plaintiff in each and all of the particulars hereinabove alleged. That the article or tumbler now being so manufactured and vended by the defendants, as aforesaid, while advertised as the 'Paris drying tumbler,' is practically the same as that being manufactured and vended by plaintiff in pursuance of and under the terms, conditions, and privileges granted by their contract aforesaid with the said defendants, with the possible exception of certain improvements thereon, the nature, character, and extent of which is unknown to plaintiff, but which defendants are, by virtue of the terms and conditions and stipulations of their said contract, obligated and bound to furnish plaintiff. That the aforesaid acts of said defendants in so manufacturing such tumbler and in so advertising and vending the same as the 'Paris drying tumbler,' and in operating such factory at any place within or without the territory reserved and granted to plaintiff, are in direct, open, and flagrant violation of their said contract hereinabove alleged, and has resulted and will continue to result in great and irreparable loss, injury and damages to plaintiff in his business aforesaid, should the defendants, their heirs, executors, administrators, assigns or representatives be permitted to continue to so operate and conduct such factory or business in violation of either or all of the terms of the aforesaid contract, as hereinabove alleged. That such damages as have accrued and will probably accrue to plaintiff by reason of the aforesaid wrongful acts and omissions on the part of the said defendants, as hereinabove alleged, are very difficult to ascertain, and even if ascertainable, the said defendants are not now and would not be, at the termination of this suit, the owners of property, real or personal, subject to execution sufficient to satisfy plaintiff for such damages as he ultimately would sustain by reason of such wrongful and wanton acts and omissions, and that unless restrained by this honorable court, the defendants will do plaintiff irreparable injury and damage, for which there is no adequate remedy at law, as aforesaid."

The petition further alleges that plaintiff has purchased the interest of his copartner, Holtkamp, in the business and is now the sole owner thereof. The prayer of the petition, with other relief prayed for, asks for a temporary injunction restraining the defendants, their agents, and employés from conducting any factory or business for the manufacture of dry tumblers, or from selling any dry tumblers of the kind manufactured by plaintiff under the patent rights purchased by plaintiff from the defendants as aforesaid, within the territory and for the period of time during which the exclusive right to manufacture and sell such tumblers was given plaintiff by his contract of purchase from defendants.

The defendants' answer contains a general demurrer and several special exceptions, the nature of which is not material in determining the question decided by this opinion. Further answering, the defendants, after setting out the contract pleaded by plaintiff, averred that by the terms of said contract the plaintiff and his then partner, E. E. Holtkamp, agreed:

"That they would diligently and actively manufacture, sell, and distribute the said tumbler mentioned therein in the territory named in plaintiff's petition for the time specified, and in this connection defendants aver that said original parties, Holtkamp and Rosenfield, did not manufacture, sell, and distribute said tumbler actively and diligently in the territory named, but in an inefficient and dilatory manner did immediately begin to advertise the sale of said tumblers in the territory reserved by defendants to themselves, but after receiving orders fulfilled very few of them and failed to perform this particular obligation to such an extent that the said Holtkamp dropped out of said business and completely declined, failed, and refused to prosecute the same and left the same in the management, charge, and control of plaintiff, M. H. Rosenfield, who also failed to diligently and actively perform the obligations of said contract, and did on or about the 7th day of November, 1922, advise defendants that he had been unable to sell the said tumbler described in said contract, or to make any money out of the enterprise, and did thereafter induce defendants, by untruthful and fraudulent statements, to sell their royalty interest in and to said tumbler as in said contract provided to him or release the same for the nominal sum of $500 under false pretenses and without consideration; that defendants were not advised of the fact that plaintiff, Rosenfield, had been selling tumblers in great numbers, and that his business had been very much more successful than his representations held out of it had been; that defendants relied upon such statements of said plaintiff and would not have relinquished their said royalty interest in and to said business had they not believed such statement and representations to be true; that defendants were thereby defrauded and deprived of their royalty interest of 5 per cent. upon the gross sales made by plaintiff and E. E. Holtkamp, if said arrangement is not canceled and held for naught upon a final trial of this cause.

"Defendants would further show that by the terms of said contract above mentioned and referred to the said plaintiff and his copartner, E. E. Holtkamp, agreed and bound themselves to furnish to defendants a statement reflecting the business of each and every preceding quarter of plaintiff, which statement was not furnished by said parties or either of them, and that although demand for same was frequently made of said parties, defendants have not as yet received an accurate statement of the business transactions of said parties under said contract, by reason of which defendants have been denied the privilege of ascertaining the exact status of said enterprise.

"Defendants would further show that the contract upon which plaintiff declared expressly provides that defendants may cancel the same upon failure of plaintiff to perform, and that, in view of the facts set forth hereinabove, defendants, if they were ever bound by said contract, have the right and do hereby cancel and annul the same."

By supplemental petition plaintiff especially denied each of the averments of fact contained in defendants' answer. All of the pleadings before set out were duly verified.

A hearing on the application for temporary injunction resulted in an order refusing the injunction, from which order this appeal is prosecuted.

The evidence upon the hearing consisted of the sworn pleadings and the oral testimony of plaintiff and E. E. Holtkamp, and letters from defendants put in evidence by plaintiff. The contract under which plaintiff purchased the manufacturing business from defendants, which was attached to plaintiff's petition, contains the provisions as alleged in the petition that the good will of the business was purchased with all of its tangible assets, and defendants contracted and agreed that they would not, for a period of five years, manufacture or sell any dry tumblers in the territory in which, by the terms of the contract, plaintiff was given the exclusive right to manufacture and sell said tumblers. This contract was executed on February 28, 1922. Plaintiff paid $500 cash and agreed to pay the remaining $500 in installments of $62.50, payable out of the proceeds of the sale of the first eight tumblers as each of said tumblers was sold. For the first year or more after plaintiff purchased the business he was unable, owing largely to his inexperience in the business, to get it on a paying basis. He had to sell the first tumbler largely on credit and could only pay the $62.50 installment on the purchase price of these tumblers as he collected from his vendees. Defendants, after the sale to plaintiff's firm, moved to St. Louis and engaged there in the manufacture of the tumblers for sale in the territory reserved by them in their contract with plaintiff. It does not appear that their business was very profitable. On September 28, 1922, defendant J. W. Seifert wrote Mr. Holtkamp, plaintiff's then partner, the following letter:

"Mr. Holtkamp—Dear Sir and Friend: Will you be good enough to write me whether you are still selling any machines; we have sold five since Milton come and are building 6 more. We are also making preparations to build laundry tumblers; so many ask for them, it will cost us about $200 for patterns, etc. Mr. Holtkamp I will make you a proposition; of course that means you must let me know without delay. We will —— your contract between us for $724. That means the Eagle of Houston owes us nothing, etc.; a clean sweep and settles what is owing us on 7 tumblers, 5 years' commission. and all. This is some bargain, and it gives you people a better chance to sell out in case you can't make it go. A clear title is best. We had to borrow $400 from our landlord, and we'll have to get $1,000 more, but we are selling also. It seems like no end of paying out; last week $30 for photos, $25 for a shipping atlas, $75 for header patterns. We make our own; they will cost about $26 each. Now, if you will accept our proposition, we will be satisfied with one-half cash, balance in 30 days, secured by note from you. If there is any way I can assist you in making your factory a go, I'll be glad to do so.

"Please answer this, and, in case you accept,

our lawyer here, Mr. Henry Furth, Rialto Bldg., will close the matter.

"Your friend J. W. Seifert."

This offer was accepted by plaintiff's firm, and they paid defendants in October, 1922, the balance of the $500 due on the purchase price of the business, and the amount agreed upon in lieu of the future 5 per cent. commission on the sales that would thereafter be made by plaintiff. After this settlement was made, defendants executed a release to plaintiff of all their claims under the original contract, except as to the mutual agreement of the parties not to manufacture or sell tumblers in each others' territory. The undisputed evidence shows that plaintiff made no representation of any kind to defendants to induce them to sell their contract right to 5 per cent. commission on the tumblers sold by plaintiff during the five years' period of the contract. On the contrary, the proposal to sell this right came from the defendants and was accepted by plaintiff on the insistence of defendants, and no false representation of any kind as to the status of plaintiff's business was ever made by him to defendants.

[1, 2] Upon this state of the evidence we think defendants' answer presents no sufficient ground for denying plaintiff's application for a temporary injunction. Plaintiff's exclusive right to manufacture and sell these tumblers in the territory described in the contract for a period of five years is a valuable right, for which they have paid defendants, and in which they are entitled to protection. From the nature of this right it can only be adequately protected by restraining defendants from violating the obligations of their contract. The difficulty of ascertaining the number of tumblers that might be sold by defendants, and the necessity of a multiplicity of suits to recover damages for each of the tumblers sold in violation of the terms of the contract are in themselves sufficient to authorize injunctive relief. In addition to this, plaintiff's allegation that defendants have no property subject to execution sufficient to satisfy any judgment for damages that plaintiffs might obtain against them is not controverted by defendants' answer, except by a general denial of the allegations of the petition. It is well settled that such a denial does not destroy the effect of a sworn specific allegation in a proceeding of this kind.

[3] Upon an application for temporary injunction all that is required is a case of probable right and danger to that right unless an injunction is granted. When such a showing is made, the granting of the injunction should then be determined by the rule of balance of convenience or injury to one party or the other. If it could likely result in greater or more irreparable injury to plain-tiff to refuse the injunction than it would to the defendant to have it granted, it should be granted. Jeff Chaison Townsite Co. v. McFaddin, 56 Tex. Civ. App. 611, 121 S. W. 716; Whitaker v. Hill (Tex. Civ. App.) 179 S. W. 539; Cartwright v. Warren (Tex. Civ. App.) 177 S. W. 197; Matagorda Canal Co. v. Markham Irrigation Co. (Tex. Civ. App.) 154 S. W. 1176.

We think under this rule the trial court erred in refusing the temporary injunction. If upon final hearing it should be determined plaintiff is not entitled to an injunction, defendants will be fully protected against any harm or damage they may sustain because of the temporary injunction by the bond which plaintiff is required to execute. On the other hand, if plaintiff in a final hearing should show himself entitled to a permanent injunction, the loss sustained by him pending the final hearing, if no temporary injunction is granted, would probably never be recoverable.

Our conclusion is that the temporary injunction should have been granted, and the judgment of the trial court is therefore reversed and judgment here rendered, granting plaintiff, upon his filing of an injunction bond in the sum of $1,500, a temporary injunction restraining the defendants, during the pending of this suit, from the manufacture and sale of the articles described in the petition in the territory in which plaintiff has the exclusive right to such manufacture and sale under his contract with the defendant. Judgment will be so entered.

Reversed and remanded.