Robert D. PATTERSON, Appellant,

v.

CITY OF BOWIE, Texas, Appellee.

No. 15751.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 26, 1956.

Rehearing Denied Nov. 23, 1956.

T. B. Coffield, Bowie, for appellant.

Jack Lovette, Donald & Donald and J. M. Donald, Bowie, for appellee.

BOYD, Justice.

Appellee City of Bowie, Texas, filed suit for a temporary and a permanent injunction prohibiting appellant Robert D. Patterson from erecting a fence or other obstruction across a street or roadway lying between Lots 15, 16, 17, 18, 19 and Lot 11, and Lots 10 and 20, of the Chaffin Addition to the City of Bowie. Upon a hearing of the application for a temporary injunction, the same was granted, and appellant appeals.

Appellant assails the judgment by a number of points, the substance of which is that appellant was shown to have been in possession of the strip of land in controversy, holding the same under record title, and that appellee showed no right or title to the land or to any easement in or over it, the evidence showing only an occasional permissive use of the land by the public; that the temporary injunction has the effect of determining title without a trial on the merits, and grants all the relief to which appellee would be entitled if successful on a trial on the merits; and that the pleadings and evidence were insufficient to support a temporary injunction which disturbed the status quo and took the possession of the disputed area from appellant and placed it in appellee.

Appellee alleged that the strip of land was a street or roadway and had been open to public use for forty years or more; that it had been graded along its course; that appellant on several occasions had placed a fence or other obstruction across said street or roadway between Lots 15 and 20 of the Chaffin Addition, which rendered the roadway unusable, and which fences and other obstructions had been removed by appellee; and that appellant had openly stated that he intended to replace any obstructions across said roadway which are removed by appellee.

The court found that a street or roadway existed between Lots 11, 15, 16, 17, 18, and 19 on the one side, and Lots 10 and 20 on the other side, all being in the Chaffin Addition to the City of Bowie, and that said street or roadway had been used by the general public going to and fro for more than fifty years before appellant built any obstruction across the same; that when appellant purchased Lot 15 the street or roadway was open to the general public, had been graded and worked as such, and had been recognized as a street or roadway by previous owners during all the time that it had been so used by the public; that appellant persists in building obstructions across such street or roadway; and that such obstructions should be removed.

The disputed strip appears to be embraced in the field notes in the deed to appellant. Appellant's grantor testified that the roadway was open and was being used as such when he bought the property in 1950; that it was so used during the time he owned Lot 15; that no one ever asked for his permission to use it; that he did not object to its being so used; that he never claimed to own the roadway; and that while he supposed it was part of the lot, it was open as an alley or street.

Another witness testified that he had lived in the neighborhood for more than ten years; that the strip had been used by the public as a passageway for automobiles and pedestrians during that time; that he himself used it as early as 1942; and that there was a fence across the strip at noon on the day he testified.

Another witness testified that he had lived on the west side of the disputed strip for 52 years, and in the neighborhood for 57 years; that there had been a street and passageway between his property and that now owned by appellant all his life; that it was used like any other street; that people drove automobiles and horses and wagons over it during that time; that they had walked on that street and rode bicycles on it; that appellant first put an obstruction across the street after the City installed a sewer line down the center of the street; that this obstruction was a woven wire fence four or five feet high; that the street

had been obstructed eight or ten times since then and all such obstructions had been removed except the one there the day he testified; that the area had not been cultivated during his lifetime.

The only evidence offered by appellant was his deed and the record title back to the sovereignty.

If the disputed area had been dedicated to public use and accepted and used by the public before appellant acquired his property, his deed would be ineffectual to defeat the public's right to its continued use, and ineffectual to defeat appellee's right to keep it open for public use.

Generally, whether a tract has been dedicated to public use is a question of fact. No particular course of action is required of an owner of land who intends to set it apart for public use. A dedication is not a conveyance, and a writing is not necessary. The owner may accomplish his purpose by any conduct which makes his intention clear. 14–B Tex.Jur., p. 362, sec. 23. And the right of the public to use the strip of land as a street may be acquired by prescription, whatever may have been the owner's intention. It is not necessary to show any official adoption, or even official recognition, of a dedication of private land for a street, where there has been continued use of the land as a street for 50 years. In such a case, where the origin of the user and the ownership of the land at that time are shrouded in obscurity, there is a presumption that the requisite intention and acts disclosing it were present. Dunn v. Deussen, Tex.Civ.App., 268 S.W.2d 266.

We agree with appellant that ordinarily a temporary injunction will not lie to grant all the relief to which the petitioner would be entitled if successful in a trial on the merits. And when the issue is the title and right to possession of real property, a temporary injunction is ordinarily available only to maintain the status quo.

But the court, in Hudspeth v. Gugenheim, Tex.Civ.App., 278 S.W.2d 952, 953, writ refused, affirmed a judgment overruling a motion to dissolve temporary prohibitory and mandatory injunctions, the effect of the mandatory injunction being to dispossess a party who had been in peaceable possession of the property in dispute for several years under a lease contract, and who claimed to have a lease on the property for the next ensuing year. There it was said: "The general rule in this state is that a mandatory injunction is not available for the purpose of dispossessing one who is in peaceable possession of land, pending an adjudication of the relative equities of those claiming the right of possession. But the rule is not so inflexible as to exclude all exceptions, for it has been relaxed so as to permit such injunctions in extreme cases of pressing necessity, and where the complaining party shows himself entitled to the interference of a court of equity and is without adequate and practical remedy at law."

It is appellee's duty to keep its streets open for use by the public. Before it may invoke the aid of a court of equity in doing so, it is not necessary to plead and prove that it has sustained pecuniary damages, or that it has no adequate remedy at law. If, as the court found from uncontradicted evidence, the area had been a street and so used by the public for 50 years before appellant bought his property, appellant's deed does not constitute sufficient evidence to put in issue the title or the right to possession of the area. Dozier v. City of Austin, Tex.Civ.App., 253 S.W. 554; 39 Tex.Jur., p. 651, sec. 100.

Moreover, we are of the opinion that the temporary injunction does not disturb the status quo. It appears from the evidence that, except for the eight or ten times that appellant had a fence or other obstruction across the passageway, appellee, as the trustee of the public, had been in possession of the passageway for 50 years. An unwarranted invasion of property does not in it-

self create a new status quo that must be protected pending a final trial. Hightower v. Price, Tex.Civ.App., 244 S.W. 652, and authorities there cited.

The judgment is affirmed.