**O. W. NICHOLSON et al., Appellants,**

v.

**NATIONAL MOTOR CLUB OF TEXAS,
INC., Appellee.**

No. 717.

Court of Civil Appeals of Texas,
Tyler.

July 12, 1973.

Rehearing Denied Aug. 30, 1973.

Jerry Bain, Tyner, Bain & Tyner, Tyler,
for appellants.

William Sheehy, Wilson, Miller, Spivey,
Sheehy & Knowles, Tyler, for appellee.

MOORE, Justice.

This is an appeal from an order granting
a temporary injunction. Appellee, National Motor Club of Texas, Inc., hereinafter
referred to as "National," brought suit
against appellants, O. W. Nicholson and
United Automobile Association, Inc., hereinafter referred to as "United," for damages and for a temporary and permanent
injunction seeking to restrain appellants
from calling upon appellee's members for
the purpose of soliciting National's members to drop their membership and/or
switch to United, and to enjoin United
from conspiring with Nicholson to breach
a non-competitive contract which Nicholson had executed while employed by National. National also sought to enjoin appellants from engaging in unfair competition alleging that when Nicholson ceased
working for National and went to work
for United, he kept National's membership
list covering several East Texas counties
and used the list in soliciting its members
to change their membership to United.
Appellants answered with a general denial

and set up numerous defenses attacking the validity of Nicholson's non-competitive contract with National.

After a hearing on National's application for temporary injunction, the trial court, sitting without a jury, entered an order enjoining appellants from certain activities in a nineteen-county area. The judgment reads in part as follows:

"* * * the Court having considered the verified petition, the affidavits submitted by the parties, the evidence and arguments of counsel, and it appearing that the Plaintiff, NATIONAL MOTOR CLUB OF TEXAS, INC., is entitled to the temporary injunction as herein granted, same being within its allegations and prayer, for the reason that the Defendant, O. W. NICHOLSON, by virtue of his prior relationship with NATIONAL MOTOR CLUB OF TEXAS, INC., acquired or had access to information relating to the membership of NATIONAL MOTOR CLUB OF TEXAS, INC. and through such relationship acquired personal relationships with many of the members of NATIONAL MOTOR CLUB OF TEXAS, INC.; that after the termination of such relationship, O. W. NICHOLSON, Defendant herein, has called upon and was continuing to call upon and contact members of the Plaintiff, NATIONAL MOTOR CLUB OF TEXAS, INC., in an attempt to convert or has actually converted such members into members of the Defendant, UNITED AUTOMOBILE ASSOCIATION, INC., and that the Defendant, O. W. NICHOLSON, is now employed by UNITED AUTOMOBILE ASSOCIATION, INC. That such actions and conducts by the Defendant, O. W. NICHOLSON, are resulting in irreparable harm and damage to Plaintiff for which there is no adequate remedy at law.

"It is accordingly ORDERED, ADJUDGED, AND DECREED that the Clerk of this Court issue a Writ of Injunction pending final hearing and determination of this cause restraining and enjoining the Defendant, O. W. NICHOLSON, from soliciting for membership in UNITED AUTOMOBILE ASSOCIATION, INC., any of the members of the Plaintiff, NATIONAL MOTOR CLUB OF TEXAS, INC., which the Defendant, O. W. NICHOLSON, knew by virtue of his prior relationship with the Plaintiff, NATIONAL MOTOR CLUB OF TEXAS, INC., to be members of said NATIONAL MOTOR CLUB OF TEXAS, INC., at the time of his termination of his relationship with the Plaintiff and the Defendant, UNITED AUTOMOBILE ASSOCIATION, INC., through its agents, servants and employees, are restrained and enjoined from knowingly using any information obtained from O. W. NICHOLSON, either directly or indirectly, pertaining to the renewal dates of the membership of NATIONAL MOTOR CLUB OF TEXAS, INC."

Appellants present two points of error asserting that the trial court abused its discretion in granting the temporary injunction. We overrule both points and affirm the judgment of the court below.

When viewed in a light most favorable to the judgment, the evidence shows that appellant O. W. Nicholson was first employed by National in 1963 as an independent contractor salesman. At a later date he was made District Manager and became an employee of National. During his employment he executed several employment contracts each of which contained restrictive, non-competitive clauses whereby he agreed not to engage in competition with National upon the termination of his employment. While employed as District Manager for National, the company furnished him a list of its members showing the expiration date of their membership. After Nicholson resigned as District Manager for National, he accepted employment with United who was engaged in the same type of business in the same nineteen-county area in East Texas. When Nicholson

left National, he carried its membership list with him. After commencing work for United, he converted sixty-five members from National to United. Some of the solicitations and conversions of National's members occurred shortly before their memberships were to expire. Nicholson also instructed another agent employed by United to contact National's members in Wood County, Texas. While Nicholson denied using National's membership list in contacting its members, he admitted he would contact members he knew and would ask them to change even though he knew it would result in their dropping their memberships in National.

United admitted that it was aware of the restrictive non-competitive agreement between National and its salesmen, and admitted it had accepted money collected by Nicholson with knowledge of the fact that it was procured by Nicholson in violation of the non-competitive clause in his contract with National. The president of United testified at the trial that it had no objection to the entry of an order prohibiting the company from using secret information pertaining to National's membership obtained through Nicholson.

Among other defenses, Nicholson alleged that National was not entitled to an injunction because (1) the non-competitive contract was signed by him while under economic duress, (2) the contract was against public policy and void, (3) the contract was voidable for lack of mutual assent, (4) appellee first breached the contract, and (5) the contract was not supported by consideration. The evidence does nothing more than raise disputed issues of fact with regard to appellants' defenses.

Appellants urge that the trial court erred in granting the temporary injunction because they say appellee failed to establish a "clear right or a probable eventual victory on the merits." In this connection appellants seem to take the position that in order to be entitled to equitable relief, appel-

lee had the burden of conclusively negating all defenses raised by the evidence. We are not in accord with this proposition.

■ As shown above, the record involves serious and complicated controversies both of fact and of law which must be determined upon a final hearing on the merits. Such matters may not be determined on a hearing of an application for temporary injunction brought to preserve the status quo during pendency of the principal cause of action. James v. E. Weinstein & Sons, 12 S.W.2d 959 (Tex.Com. App., 1929); O'Connor v. National Motor Club of Texas, Inc., 385 S.W.2d 558 (Tex. Civ.App., Houston, 1964).

In Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, our Supreme Court said:

"In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. E. Weinstein & Sons, Tex. Com.App., 12 S.W.2d 959, 960. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Rosenfield v. Seifert, Tex.Civ.App., 270 S.W. 220, 223; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, 781; High on Injunctions, 4th Edition, Vol. 1, Sec. 5, p. 8. * * * There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235."

■ Under the foregoing authorities an applicant for temporary injunction is not required to establish that he will ultimately prevail in the litigation. He is merely required to show probable right and

probable injury. The probable existence of a right and of danger thereto if temporary injunction is not granted is determinative of the need for such writ. O'Connor v. National Motor Club of Texas, Inc., supra; 31 Tex.Jur.2d, Injunctions, p. 265, sec. 150. As we view the record, there is ample evidence to sustain the trial court's finding of a probable right and a danger thereto.

In cases of this type, the scope of appellate review is limited to the narrow question of whether the granting of the injunction constitutes an abuse of judicial discretion. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962); O'Connor v. National Motor Club of Texas, Inc., supra. We are of the opinion that no abuse of discretion was shown.

Accordingly, the judgment of the trial court is affirmed.