**Jack VARGAS, Appellant,**

v.

**Mrs. O. F. MOTT, Appellee.**

No. 16136.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1973.

Rehearing Denied Oct. 4, 1973.

No brief filed for appellant.

Hofheinz & Harpold, Robert J. Thweatt, Houston, for appellee.

EVANS, Justice.

Appellee, Mrs. O. F. Mott, an eighty-four year old widow, brought this action, alleging that appellant, Jack Vargas, had taken advantage of her age and illness and had obtained from her certain moneys and real property. Appellee sought an accounting, temporary and permanent injunctive relief and recovery of the properties. The trial court granted temporary injunction, enjoining disposition of the properties pending final hearing on the merits. No findings of fact or conclusions of law were made or requested.

Dr. Oliver Williams, a licensed physician, testified that he had examined Mrs. Mott in January 1973; that he recognized she had symptoms of organic brain syndrome or senility; that persons suffering from such illness have difficulty understanding what others are attempting to communicate to them; that they are especially susceptible to suggestive urging and that they are really not able to handle their day-to-day affairs. Mrs. Mott's own testimony, while rather sketchy, tended to sup-

port the medical testimony as to the fact of her illness.

The defendant, Jack Vargas, on cross-examination testified he had obtained a $5,000.00 check from Mrs. Mott in November, 1972, which he said he cashed and used to buy his clothes and to pay his bills; that he obtained an $8,000.00 check from Mrs. Mott in December, 1972 which he converted to a cashier's check and which he still had in his possession; that he had obtained an unconditional deed absolute from Mrs. Mott in October, 1972 covering two lots in Harris County; and that he had prepared a typewritten document in the nature of a last will and testament which bore the signature of Mrs. Mott and which devised her entire estate "to my sincere and personal friend Jack Vargas * * * for his sincere devotion seeing me in my last days." Appellant further testified he paid no consideration and knew of no particular reason why the moneys and properties were given to him by Mrs. Mott; he testified Mrs. Mott just wanted to give the properties to him. The testimony further indicated that the appellant Vargas had filed change of address form with the United States Post Office directing all of Mrs. Mott's mail to be sent to his own home.

We believe the trial court acted within its discretion in granting the temporary injunction to preserve the status quo of the properties pending a hearing on the merits. As stated in Transport Company of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (1953) at page 552:

"In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. Weinstein & Sons, Tex.Com. App., 12 S.W.2d 959, 960. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Rosenfield v. Seifert, Tex.Civ.App., 270 S.W. 220, 223; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, 781; High on Injunctions, 4th Edition, Vol. 1, Sec. 5, p. 8. If the party enjoined prevails on a final trial of the case he finds protection against the improvident granting of the writ and consequent loss in the interim in the applicant's bond. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, Tex.Sup., [151 Tex. 239], 248 S.W.2d 460, 462."

Appellee's petition and the evidence adduced at the hearing raised factual questions as to Mrs. Mott's mental capacity and as to the exercise of free will in making the transfers of land and cash to appellant. See Henneberger v. Sheahan, 278 S.W.2d 497 (Tex.Civ.App.—Dallas 1955, writ ref'd n. r. e.); McDaniel v. Willis, 157 S.W.2d 672 (Tex.Civ.App.—San Antonio 1941, writ ref.). While the evidence reflects that Mrs. Mott may have formed the intention to give away her property to appellant Vargas, the trial court could have inferred from the evidence that she was incapable of realizing the significance of her acts by reason of a mental state of confusion or disturbance. Henneberger v. Sheahan, supra. The trial court not only heard Mrs. Mott's testimony, it had the advantage of observing her during the course of examination. In entering its temporary order to preserve the properties pending final hearing, it acted well within its broad discretionary powers. Crowell v. Cammack, 40 S.W.2d 259 (Tex.Civ.App.—Amarillo 1931, n. w. h.); McDonnell v. Campbell-Taggert Associated Bakeries, Inc., 376 S.W.2d 915 (Tex.Civ.App.—Dallas 1964, n. w. h.); Patterson v. City of Bowie, 295 S.W.2d

676 (Tex.Civ.App.—Ft. Worth 1956, n. w. h.); Lowe, Texas Practice, Vol. 6, Sec. 153, pp. 186 et seq.

We, accordingly, affirm the trial court's temporary injunction.