ACCEPTED
15-25-00060-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/16/2025 5:00 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00060-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/16/2025 5:00:31 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE FIFTEENTH JUDICIAL DISTRICT OF TEXAS AUSTIN

**Marvin Glenn Berry, and Bonnie Berry as successor in interest to Dennis Wayne Berry,** *Appellants*

**v.**

**Albert Theodore Powers and Allied Ports, LLC,** *Appellees*

## APPELLANTS' REPLY BRIEF

LAW OFFICE OF
AUDREY MULLERT VICKNAIR
Audrey Mullert Vicknair
State Bar No. 14650500
555 N. Carancahua St., Ste. 1400
Corpus Christi, Texas 78401
(361) 884-5400; (361) 884-5401 fax
avicknair@vicknairlaw.com

LAW OFFICES OF DOUGLAS ALLISON
Douglas A. Allison
State Bar No. 01083500
403 N. Tancahua St.
Corpus Christi, Texas 78401
(361) 888-6002; (361) 888-6651
doug@dallisonlaw.com

**Counsel for Appellants**

HENKE & WILLIAMS
Charlie Henke
State Bar No. 00784254
2929 Allen Parkway, Suite 3900
Houston, Texas 77019
chenke@henkelawfirm.com
**Counsel for Marvin Glenn Berry**
JACKSON WALKER, LLP
Joel R. Glover
State Bar No. 24087593
jglover@jw.com
Sarah Patel Pacheco
State Bar No. 00788164
efile-spacheco@jw.com
Richard A. Howell
State Bar No. 24056674
rahowell@jw.com
Austin K. Yancy
State Bar No. 24110558
ayancy@jw.com
J. Davis LaBarre
State Bar No. 24131442
dlabarre@jw.com
JACKSON WALKER, LLP
1401 McKinney St., Suite 1900
Houston, Texas 77010
**Counsel for Bonnie Berry**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ..................................................................................3

ARGUMENT .....................................................................................................4

    I.      The Injunction Order Alters, Rather than Protects, the Status Quo, Improperly Countenances Powers' Disputed Claims, and Grants Powers the Ultimate Relief He is Seeking ....................................................4

    II.     Appellees Confirm the Order is Overbroad and Make Concessions .........9

    III.    Appellees Omitted Necessary Parties.......................................................10

CONCLUSION AND PRAYER .........................................................................10

CERTIFICATE OF COMPLIANCE ...................................................................12

CERTIFICATE OF SERVICE ............................................................................12

# INDEX OF AUTHORITIES

## **Cases**

*Benavides ISD v. Guerra*, 681 S.W.2d 246
(Tex. App.—San Antonio 1984, writ ref'd n.r.e.) ..................................................7

*In re Newton*, 146 S.W.3d 648 (Tex. 2004) (orig. proceeding) ..................................6

*Patterson v. City of Bowie*, 295 S.W.2d 676
(Tex. App.—Fort Worth 1956, no writ) ..................................................................6

## **Statutes**

Tex. Civ. Prac. & Rem. Code § 37.006(a) ...............................................................11

Tex. R. Civ. P. 683 ..................................................................................................11

**TO THE HONORABLE FIFTEENTH COURT OF APPEALS**:

Appellants Marvin Glenn Berry and Bonnie Berry file this Reply Brief in support of their appeal which seeks to reverse or dissolve the trial court's erroneous temporary injunction order.

## ARGUMENT[1]

Appellees' arguments cannot save this temporary injunction order. They have failed to establish they are entitled to this "extraordinary remedy." The injunction grants ultimate relief and is overbroad, and Appellees have failed to bring all necessary parties into the lawsuit. The trial court abused its discretion. This Court should dissolve this temporary injunction.

### I. The Injunction Order Alters, Rather than Protects, the Status Quo, Improperly Countenances Powers' Disputed Claims, and Grants Powers Ultimate Relief

In an effort to uphold the injunction, Powers asserts he has "[an] equity ownership interest and management rights in the Project" that must be protected, that the entities at issue have valid and enforceable "governing documents" transferring their interests, that "Ted—through Allied Ports, LSPH, LSPV, and LSPE—has had the power and authority to manage Axis Midstream and continues to have such power and authority," and "Berry GP has no such power or authority"

---

[1] Appellants disagree with Appellees' version of the "facts" and direct the Court to Appellants' more complete Statement, which is replete with record references in support.

(EE Br. p. 28, 34, 35). But every one of these alleged "truths" that Powers suggests need protection are instead *central issues in dispute*. Marty and Bonnie *contest* Powers' ability to bring these claims at all, as well as the validity and enforceability of the alleged agreements and documents on which Powers relies. Marty and Bonnie dispute, for a variety of reasons, that Powers can claim he has any ownership interest or management rights in any of the entities at issue, that any interests were transferred with board approval or executed documents, and that no other entity has ownership of or authority to manage Axis (which Powers dropped as a party from the suit).

Appellees say, "All the temporary injunction does is prevent Marty and Bonnie from altering the ownership or control of the Project assets or its entities, unless they are authorized to do so under the applicable governing documents, between now and trial." (EE Br. p. 36) But this is the ultimate relief Powers seeks: a determination that the purported "investment agreement" and "governing documents" on which he relies are valid, binding and enforceable. The trial court's injunction has countenanced Powers' claims, created a new status quo, and granted Powers ultimate relief.

"The last, actual, peaceable, non-contested status which preceded the pending controversy"—that controversy being Powers' claim of ownership interest and management rights in the Project or any entity—is the status of the various

companies, interests and assets <u>before</u> Powers' contested claim of ownership. *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004). Powers relies on the documents to claim his contested interest. Indeed, it is Powers who is conducting "[a]n unwarranted invasion of property" by asserting rights and interests in the assets of non-parties; this "new status quo" that *Powers* has created "must [not] be protected pending a final trial." (*see* Ee Br. p. 34, citing and quoting *Patterson v. City of Bowie*, 295 S.W.2d 676 (Tex. App.—Fort Worth 1956, no writ)).

Appellees' heavy reliance on the language in the injunction order that no action can be taken with respect to the various entities listed or their assets "except as provided in the governing operating agreement [that Powers drafted] for the respective entity" (EE Br. p. 34, 35) highlights the erroneous nature of this order and the fallacy of Appellees' argument that they have not been granted the relief they are seeking through the improper temporary injunction. The order treats the alleged and contested "governing documents" as valid and enforceable, an issue that must be determined on the merits. The court has protected the status Powers *contends* should be the status of the parties (as Appellees acknowledge in their brief: "[the injunction] simply freezes the current status of the Project assets and entities and prohibits Marty and Bonnie from making changes prior to trial unless they are authorized to do so under the relevant documents." EE Br. p. 39). But Appellants have raised numerous

challenges to Powers' claims. Merits determinations are yet to be made – in the trial court below or in any other.

Appellees acknowledge the legal principle that "If an act of one party alters the relationship between that party and another, and the latter contests the action, the status quo cannot be the relationship as it exists *after* the action." *Benavides ISD v. Guerra*, 681 S.W.2d 246, 249 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.) (EE Br. p. 27, emphasis in original). Properly applied to this case, Powers purports to have altered the relationship between numerous Berry entities and their assets and interests by virtue of his alleged agreements and "governing documents." Moreover, Powers had had no contact with Marty or Dennis (or later Bonnie) during all this time (up to August of 2024) and had taken no action to affect their day-to-day activities operating these Berry-owned entities. He then filed this lawsuit and tried to halt their actions. Appellants, Defendants below, contest all of these acts by Powers. Pursuant to Appellees' own cited case, the status quo "cannot be" the relationship that exists *after* Powers' contested actions. The trial court's order is erroneous.

Appellees treat this as if Powers has owned these properties, assets and interests (acreage, lease, permit) all along and Marty and Bonnie attempted to take his alleged ownership interest away (EE Br. p. 27, 34-35). Not so, instead Berry GP and the related entities (none of which are parties to this suit) have owned these

properties, interests and assets for years, long before Powers came along, long before the alleged agreements on which he relies (in 2018/2019) and the documents he drafted that he claims changed everything (in 2020).[2] Even Lawrence recognized at the hearing that the status quo is that Berry GP owns Axis (RR2:298-99; RR3:42). What Powers contends is the "status quo" is, instead, the end result he hopes to achieve. This was a temporary injunction proceeding. No merits issues were before the trial court. The order must be reversed.

Finally, Appellees make an important concession in their brief:

Appellants also appear to argue that the temporary injunction order alters that status quo because it 'potentially impacts Redfish Bay Terminals and Canada Project Holdings' and that *the status quo is those companies are owned by Berry GP (for Redfish Bay Terminals) and Berry family trusts (for Canada Project Holdings).* Br. at 52–54. This is a red herring. *Neither of those entities is listed in the temporary injunction.* See 3 CR 3862–63. ***The ownership and ability to manage those entities is not at issue in this appeal.***

(EE Br. p. 28, n. 6) (emphasis added). Appellees are bound by their concession that Redfish Bay Terminals and Canada Project Holdings, which are not parties to this suit, are free to conduct business as they have all along.[3]

---

[2] Lawrence created Axis and transferred it to Berry GP in 2017 (RR5:22; DX-24). GP's board never transferred Axis (RR2:271). GP has claimed Axis as a GP entity since 2017 (DX-24-26, 28-36). Axis' permit application was not filed by a Powers' company (RR5:23). Lawrence testified he, Dennis and Marty own and manage all the companies in the project (RR2:252-53) and the three have a majority, so they are the "shot callers" for the project; "This is our deal, is the way I understand it." (RR3:78-79) Berry GP and Axis are not parties to this suit (Appellees named Axis then dropped it).

[3] Redfish Bay Terminals Inc. is owned 100% by Berry GP and has owned and controlled real property (266 acres +/-) in Aransas Pass for years; Canada Projects Holdings Inc. is

## II. Appellees Confirm the Temporary Injunction is Overbroad and Make Concessions

Appellees have walked back substantial portions of the injunction order they obtained in an apparent effort to save it from Appellants' accurate challenge that the injunction is overbroad. Appellees again concede that as to Redfish Bay Terminals and Canada Project Holdings, "The temporary injunction does not enjoin either of those entities. Nor does it enjoin Marty and Bonnie (or anyone else) from acting with respect to those entities." (EE Br. p. 41-42) Appellees *also* say, "the temporary injunction order does not purport to enjoin Axis Midstream or Berry GP from taking any action." (*id.* p. 42, 44). Again, Appellees are bound by their telling concessions regarding two additional entities that are not parties to this suit.

Separately, Appellees agree that an injunction order cannot enjoin a defendant from conducting lawful activities or exercising legal rights (EE Br. p. 40). But in protesting Appellant's complaint that the injunction order does just that, Appellees say the order "prohibits [Marty and Bonnie] from unlawfully attempting to control entities they have no legal right to control," that "neither Marty nor Bonnie is the Manager of Axis Midstream," and Marty and Bonnie "have no such rights" under the "governing documents to take an action." (EE Br. p. 40, 41). Again, Powers—

---

owned by Marty, Dennis and Lawrence's Trusts and holds a lease on real property (64 acres) on Harbor Island (CR3 pdf 317; RR2:300, 305-306, 307-310; RR3:35-36). RBT has been an operative full inland barge terminal for decades and has tenants on the property (RR3:303-305; RR4:170-71).

and the injunction order—treat his disputed documents as controlling. Appellees' unsuccessful attempt to defend the order against one attack (overbreadth) underscores the veracity of the others (ultimate relief, status quo).

## III.   Appellees Omitted Necessary Parties

Regarding the failure of Appellees to make Axis and Berry GP parties to the injunction order, this is not an issue of "finding" necessary parties who remain unknown at the time a temporary injunction is requested, nor is this a declaratory judgment case involving a homeowners' association with an unwieldy number of potential parties—both as in Appellees' cited cases (EE Br. p. 45-46). Here there was no "danger" that "rights might be lost before the parties could be found and joined" for inclusion in the injunction order (*id.* p. 45). Two known parties are the focus here. Axis *was* a party then Powers dropped it from his lawsuit. Berry GP, a central entity in the Berry enterprise, was always known to Powers. Powers' failure to keep Axis in the lawsuit and to make Berry GP a party—when he flatly contends "Berry GP is not the owner of Axis Midstream" (EE Br. p. 44)—is a problem of his own making. Tex. R. Civ. P. 683; Tex. Civ. Prac. & Rem. Code § 37.006(a).

## CONCLUSION AND PRAYER

The temporary injunction order was an abuse of discretion. Appellees' response arguments fail to justify the order -- and in fact highlight why it is erroneous. This Court should dissolve the injunction.

Respectfully submitted,

/s/ Audrey Mullert Vicknair
Audrey Mullert Vicknair
LAW OFFICE OF AUDREY MULLERT VICKNAIR
State Bar No. 14650500
555 N. Carancahua St., Ste. 1400
Corpus Christi, Texas 78401
(361) 884-5400; (361) 884-5401 fax
avicknair@vicknairlaw.com

Douglas A. Allison
State Bar No. 01083500
LAW OFFICES OF DOUGLAS ALLISON
403 N. Tancahua St.
Corpus Christi, Texas 78401
(361) 888-6002; (361) 888-6651
doug@dallisonlaw.com
*Counsel for both Appellants*

Charlie Henke
State Bar No. 00784254
HENKE & WILLIAMS
2929 Allen Parkway, Suite 3900
Houston, Texas 77019
chenke@henkelawfirm.com
*Counsel for Marvin Glenn "Marty" Berry*

Joel R. Glover
State Bar No. 24087593
jglover@jw.com
Sarah Patel Pacheco
State Bar No. 00788164
efile-spacheco@jw.com
Richard A. Howell
State Bar No. 24056674
rahowell@jw.com
Austin K. Yancy
State Bar No. 24110558
ayancy@jw.com
J. Davis LaBarre
State Bar No. 24131442
dlabarre@jw.com
JACKSON WALKER, LLP
1401 McKinney St., Suite 1900
Houston, Texas 77010
*Counsel for Bonnie Berry*

**CERTIFICATE OF COMPLIANCE**

I certify that the word count for this Appellants' Reply Brief is 1,776 words long from the Argument through the end of the Prayer, pursuant to Tex. R. App. P. 9.4(i)(2)(C). I am relying on the word count of the computer program used to prepare this document.

*/s/ Audrey Mullert Vicknair*
Audrey Mullert Vicknair

**CERTIFICATE OF SERVICE**

I certify that on this 16th day of October 2025, a true and correct copy of the foregoing Motion was served via e-file Texas on all counsel of record in this appeal.

*Via E-File and E-Service*

Mary Kate Raffetto
Jake McClellan
Madeline Gay
Beck Redden
E-mail:mkraffetto@beckredden.com

Roland Garcia
Greenberg Traurig
E-mail: garciar@gtlaw.com

*Counsel for Appellees Powers and Allied Ports*

*/s/ Audrey Mullert Vicknair*
Audrey Mullert Vicknair

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Audrey Vicknair
Bar No. 14650500
avicknair@vicknairlaw.com
Envelope ID: 106951989
Filing Code Description: Other Brief
Filing Description: Appellants Reply Brief
Status as of 10/17/2025 7:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael R.Absmeier | | mabsmeier@gibbsbruns.com | 10/16/2025 5:00:31 PM | SENT |
| Melanie McClenathen | | mmcclenathen@jw.com | 10/16/2025 5:00:31 PM | SENT |
| Rosa Brennan | | rbrennan@gibbsbruns.com | 10/16/2025 5:00:31 PM | SENT |
| Adam Aston | 24045423 | aaston@jw.com | 10/16/2025 5:00:31 PM | SENT |
| Mary Raffetto | | mkraffetto@beckredden.com | 10/16/2025 5:00:31 PM | SENT |
| Yvonne Ferrari | | yferrari@jw.com | 10/16/2025 5:00:31 PM | SENT |
| Michelle Bultman | | MBultman@gibbsbruns.com | 10/16/2025 5:00:31 PM | SENT |
| Jesse Crochet | | jcrochet@beckredden.com | 10/16/2025 5:00:31 PM | SENT |
| Sydney Ballesteros | | sballesteros@gibbsbruns.com | 10/16/2025 5:00:31 PM | SENT |
| Cameron Roth | | CRoth@gibbsbruns.com | 10/16/2025 5:00:31 PM | SENT |
| Madeline Gay | | mgay@beckredden.com | 10/16/2025 5:00:31 PM | SENT |
| Barrett Reasoner | | breasoner@gibbsbruns.com | 10/16/2025 5:00:31 PM | SENT |
| Roxanne Graham | | rgraham@gibbsbruns.com | 10/16/2025 5:00:31 PM | SENT |
| Michael JakeMcClellan | | jmcclellan@beckredden.com | 10/16/2025 5:00:31 PM | SENT |
| Bruce Baldree | | bbaldree@gibbsbruns.com | 10/16/2025 5:00:31 PM | SENT |
| Roland Garcia | | garciar@gtlaw.com | 10/16/2025 5:00:31 PM | SENT |
| Audrey Vicknair | | avicknair@vicknairlaw.com | 10/16/2025 5:00:31 PM | SENT |
| Douglas Allison | | doug@dallisonlaw.com | 10/16/2025 5:00:31 PM | SENT |
| Audrey Vicknair | | avicknair@vicknairlaw.com | 10/16/2025 5:00:31 PM | SENT |
| Douglas Allison | | doug@dallisonlaw.com | 10/16/2025 5:00:31 PM | SENT |
| Anna Erickson | | aerickson@beckredden.com | 10/16/2025 5:00:31 PM | SENT |
| Charlie Henke | | chenke@henkelawfirm.com | 10/16/2025 5:00:31 PM | SENT |

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Audrey Vicknair
Bar No. 14650500
avicknair@vicknairlaw.com
Envelope ID: 106951989
Filing Code Description: Other Brief
Filing Description: Appellants Reply Brief
Status as of 10/17/2025 7:04 AM CST

Case Contacts

| Charlie Henke | | chenke@henkelawfirm.com | 10/16/2025 5:00:31 PM | SENT |
|---|---|---|---|---|
| Joel Glover | | jglover@jw.com | 10/16/2025 5:00:31 PM | SENT |